O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) | Case No. CV 07-5283-VAP |
| ROGER N. FEARING AND ) | USBC Case No. SV 00-10940-KT |
| CHRISTINE E. FEARING ) | |
| DEBTORS, ) | **[Motion filed on August 18, 2008]** |
| _____ ) | |
| ROGER N. FEARING AND ) | |
| CHRISTINE E. FEARING, ) | **ORDER DISMISSING APPEAL** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID SEROR, CHAPTER 7 ) | |
| TRUSTEE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Court has received and considered all papers filed in support of and in opposition to the Appeal from the Bankruptcy Court's Order denying Debtors Roger N. Fearing and Christine E. Fearing's Motion for Reconsideration of the Court's denial of their Motion and Request for Adequate Protection. This Appeal, filed by Roger N. Fearing and Christine E. Fearing, is appropriate for resolution without hearing. See Fed. R. Civ. P. 78;

1  Local Rule 7-15.  For the reasons set forth below, the

2  Court dismisses the Appeal.

3

4                      **I. BACKGROUND**

5      Debtors Roger N. Fearing and Christine Fearing

6  ("Appellants") filed a petition for protection under

7  Chapter 11, 11 U.S.C. § 1101, et seq., on January 28,

8  2000.  (Appellants' Opening Br. Appendix ("Appellants'

9  App.") at 0038-0039.)  They claimed as exempt property a

10  "claim against CSUN [California State University

11  Northridge] and others for personal injury (wife),"

12  "which they valued at $100,000, and a claim for "workers

13  compensation benefits – wife's injury," which they valued

14  at $40,000.  (Id. at 0047-0048.)  On Schedule A attached

15  to their petition, Appellants stated the value of their

16  residence was $500,000 and the amount of secured claims

17  against the house was $912,771.  (Id. at 0128.)

18  Appellants filed an amended Schedule A stating the value

19  of the house was $560,000 and the amount of secured

20  claims against it was $944,771.  (Id.)  In Schedule C

21  attached to their petition, Appellants claimed a

22  homestead exemption of $75,000.  (Id.)

23

24      On December 21, 2001, the Bankruptcy Court entered

25  its "Order of Confirmation of First Amended Plan of

26  Reorganization (As Modified)."  (Id. at 0204.)  In

27  pertinent part, the Order stated as follows:

28

1  "8. Notwithstanding any reference in the PLAN, as

2  filed, to the treatment accorded to the FTB, the PLAN

3  is hereby amended by substituting therefor, the terms

4  of Exhibit "4" hereto, the Letters of August 8, 2001

5  and August 14, 2001 from Anthony Sgherzi, Esq. To

6  Robert Yespan, Inc.[1]

7

8  9. Notwithstanding any reference in the PLAN, as

9  filed, to the treatment accorded to the IRS, the PLAN

10  is hereby amended by substituting therefor the terms

11  of Exhibit "5" hereto being the Stipulation sent by

12  Mary Schewatz to Robert M. Yaspan, and the

13  modifications contained in the Letter of Robert M.

14  Yaspan to Mary Schewatz, dated October 23, 2001,

15  attached hereto as Exhibit "6"."[2]  (Id. at 0206-

16  0207.)

17  ///

18  _____

19  [1] Paragraph 7 of Exhibit 4, referred to by the
   Bankruptcy Court's Order, stated: "With respect to the
20  Franchise Tax Board's secured claim filed in this case,
   the total unpaid balance of the claim will be immediately
21  due and payable upon sale or refinance of the property
   securing the claim, or, transfer to anyone other than one
22  of the debtors."  (Appellee's Opening Br. at 5;
   Appellee's Supplemental Excerpts of Record ("Appellee's
23  App.") 42.)

24  [2] Paragraph 4 of Exhibit 5, referenced by the
   Bankruptcy Court's Order stated: "[T]he secured claim of
25  the IRS shall be paid in full in cash or certified check
   within 6 months of the effective date of the Plan.  The
26  debtors anticipate that the payment will be made out of
   the proceeds from the sale of their home.  However, the
27  debtors may use other means to pay the secured claim in
   full within 6 months."  (Appellee's Opening Br. at 5-6;
28  Appellee's App. at 47.)

1     Under the terms of the approved Plan, the Plan would

2   be funded by several alternative sources, including the

3   sale or refinancing of Appellants' house and Ms.

4   Fearing's potential settlement with the California State

5   University, Northridge, estimated at $100,000.  (Id. at

6   0196.)

7

8     On January 28, 2003, the Bankruptcy Court granted the

9   Chapter 7 Trustee's motion for an order approving the

10  sale of the Fearing residence ("Sale Order").  (See

11  Appellant App. at 0241, 0052; Appellee App. at 014.)  The

12  order approved the sale of the property to Samuel and

13  Aileen Jones for $775,000.00 "free and clear of all

14  liens, interests and claims; disputed liens, interests

15  and claims; and all liens, interests and claims not of

16  record...."  (Id. at 0054.)  The Bankruptcy Court also

17  issued an "Order Denying Debtors' Motion to Require

18  Trustee to Abandon Debtors' Home" ("Abandonment Order")

19  on January 28, 2003.  (See Appellee App. at 014.)

20

21    Appellants filed a notice of appeal from the sale

22  order on February 7, 2003 with the Bankruptcy Court, as

23  well as an emergency motion for a stay pending appeal.

24  (Id.)  The Bankruptcy Court denied the emergency motion

25  on February 11, 2003.  (Id.)  On February 12, 2003,

26  Appellants filed an emergency motion for a stay pending

27  appeal with the United States Bankruptcy Appellate Panel

28

4

1 of the Ninth Circuit ("BAP").  (Id.)  Pursuant to 28

2 U.S.C. § 158(c)(1), the Trustee filed an election to have

3 the appeal heard by the United States District Court, the

4 Honorable Judge Timlin.  (Id.)

5

6     Appellants filed a notice of appeal from the Sale

7 Order and an appeal of the Abandonment Order on March 10,

8 2003 and March 12, 2003, respectively, with Judge Timlin.

9 (Id.)  The Trustee filed a motion to dismiss the appeal

10 from the Sale Order as moot.  (Id.)  Judge Timlin denied

11 Appellant's emergency motion for stay pending appeal as

12 moot and granted the Trustee's motion to dismiss the

13 appeal as moot on May 14, 2003.  (Id.)

14

15     On June 10, 2003, the Trustee filed a motion to

16 dismiss the Appellants' appeal to the Abandonment Order

17 as moot.  (Id.)  On September 30, 2003, Judge Timlin

18 granted the motion to dismiss the appeal as moot because

19 the property was already sold to good faith purchasers,

20 pursuant to 11 U.S.C. § 363(m); thus, the property was

21 "no longer the Trustee's property to abandon."  (Id. at

22 018.)

23

24     Appellants appealed from the order denying the

25 emergency stay and the dismissal of their appeal of the

26 Bankruptcy Court's order approving the sale of their

27 residence as moot, to the Ninth Circuit Court of Appeals.

28

1   (See id. at 020.)  On July 18, 2005, the Ninth Circuit

2   affirmed Judge Timlin's September 30, 2003 order

3   dismissing the Appellants' appeal and the abandonment

4   motion as moot.  (See id. at 020-023.)  The Ninth

5   Circuit's opinion hinged on Appellants' failure to obtain

6   a stay during their appeal, resulting in the sale of the

7   residence.  (Id.)  The Ninth Circuit declined to

8   dismantle the sale, finding the District Court did not

9   err when it affirmed the Bankruptcy Court's finding that

10  the buyers of the property were "good faith purchasers,"

11  within the meaning of 11 U.S.C. § 363(m).  (Id.)  The

12  Ninth Circuit did not reach the merits of Appellants'

13  arguments about the validity of the Bankruptcy Court's

14  order approving the sale of the residence because it

15  found the underlying appeal moot.  (Id.)  Appellants

16  filed a petition for a writ of certiorari with the United

17  States Supreme Court; it was denied on January 6, 2006.

18  (See id. at 024.)

19

20      Before the flurry of Appellants' appeals, the Trustee

21  filed a Complaint for Declaratory Relief with the

22  Bankruptcy Court on September 24, 2003.  (See Appellant

23  App. at 0001.)  The Complaint sought a judicial

24  declaration whether or not Appellants were entitled to be

25  paid any portion of the proceeds from the sale of the

26  residence, specifically the $75,000 the Appellants

27

28

1  claimed as their homestead exemption.  (See id. at 0005.)

2

3      On March 16, 2006, Appellants filed a "Motion for

4  Adequate Protection, and That Trustee be Made to Prove,

5  on the Record, That This Court Has Jurisdiction Over This

6  Proceeding."  (Appellant App. at 0189.)  The Bankruptcy

7  Court denied Appellants' motion on May 9, 2007.

8  Appellants then filed a motion for reconsideration, which

9  was denied on May 30, 2007.  (See Appellant Opening Br.

10 at 5.)

11

12     On July 28, 2006, the Bankruptcy Court granted the

13 Trustee's motion for summary judgment and entered the

14 following declaratory judgment: "Defendants Christine E.

15 Fearing and Roger N. Fearing are not entitled to any

16 portion of the proceeds from the Trustee's sale of the

17 real property located at 23240 Burbank Boulevard,

18 Woodland Hills, California 91367."  (Appellee App. at 01-

19 02.)  Appellants filed a "Motion to Alter or Amend

20 Judgment" on August 4, 2006.  (See id. at 06-07;

21 Appellant App. at 0299.)  Finding no basis to alter or

22 amend the judgment, the Bankruptcy Court denied the

23 motion on May 30, 2007.  (Id.)

24

25     The Fearings appeal from the Bankruptcy Court's

26 denial of their motion for reconsideration of its denial

27 of their motion and request for adequate protection.

28

1 (See Appellants' Opening Br. at 5-6.)  Appellants filed

2 their Opening Brief and Appendices on August 18, 2008.

3 Appellee David Seror filed his Opening Brief and

4 "Supplemental Excerpts of Record" on September 3, 2008.

5 Appellants filed their Reply on September 17, 2008.

6

7                    **II. JURISDICTION AND STANDARD OF REVIEW**

8      Title 28 U.S.C. § 158(a) governs the jurisdiction of

9 a federal district court to entertain an appeal from a

10 bankruptcy court; it provides in pertinent part: "The

11 district courts of the United States shall have

12 jurisdiction to hear appeals . . . from final judgments,

13 orders, and decrees."

14

15      The reviewing court reviews the bankruptcy court's

16 conclusions of law de novo.  See Siriani v. Northwestern

17 Nat'l Ins. Co., 967 F.2d 302, 303-04 (9th Cir. 1992).

18 Findings of fact, however, are reviewed for clear error.

19 See id.  Under this standard, "a reviewing court cannot

20 reverse unless it has a definite and firm conviction that

21 the court below committed a clear error of judgment in

22 the conclusion it reached upon a weighing of the relevant

23 factors."  See In re Sunnymead Shopping Ctr. Co., 178

24 B.R. 809, 814 (B.A.P. 9th Cir. 1995).

25 ///

26 ///

27 ///

28

1              **III. DISCUSSION**

2       Appellants appeal from the Bankruptcy Court's denial

3  of their Motion for Reconsideration of the Court's denial

4  of their Motion and Request "for Adequate Protection and

5  That Trustee be Made to Prove, on the Record, That This

6  Court Has Jurisdiction Over This Proceeding...."  (See

7  Appellants' Opening Br. at 5-6.)  This is not an

8  appealable final order issued by the Bankruptcy Court

9  over which this Court has appellate jurisdiction.  See In

10 re Daniels-Head & Associates, 819 F.2d 914, 918 (9th Cir.

11 1987; In re Martech USA, Inc., 188 B.R. 847, 849 (B.A.P.

12 9th Cir. 1995) ("Orders that determine and affect

13 substantive rights and have the potential to cause

14 irreparable harm to the losing party are immediately

15 appealable so long as they finally determine the discrete

16 issue to which they are addressed.")

17

18      The Bankruptcy Court denied Appellants' Motion and

19 Request because the jurisdiction of the Bankruptcy Court

20 to approve the sale of the Fearing residence previously

21 had been decided and affirmed on appeal by the District

22 Court and the Ninth Circuit.  (See Appellee App. at 09;

23 Appellants App. at 0263-0264, 0273.)  The Bankruptcy

24 Court's Order at issue did not "finally determine the

25 discrete issue" of the Court's jurisdiction because, at

26 that point in the proceedings, the issue was already "law

27 of the case."  See Moore v. Jas. H. Matthews & Co., 682

28

1 | F.2d 830, 834 (9th Cir. 1982); <u>Disimone v. Browner</u>, 121

2 | F.3d 1262, 1266 (9th Cir. 1997); <u>United States v. United</u>

3 | <u>States Smelting Refining & Mining Co.</u>, 339 U.S. 186, 198

4 | (1950).   Pursuant to 28 U.S.C. § 158(a), the Court lacks

5 | appellate jurisdiction over this appeal.

6 |

7 |      In any event, all arguments raised on appeal are

8 | barred by the "law of the case" doctrine; they all seek

9 | to attack an aspect of the order approving the sale of

10 | the Fearing residence.   See <u>Moore v. Jas. H. Matthews &</u>

11 | <u>Co.</u>, 682 F.2d at 834; <u>Disimone v. Browner</u>, 121 F.3d at

12 | 1266; <u>United States v. United States Smelting Refining &</u>

13 | <u>Mining Co.</u>, 339 U.S. at 198.   This Court, the Honorable

14 | Robert J. Timlin, already has reviewed these issues, and

15 | the Ninth Circuit has affirmed its ruling.   (<u>See</u>

16 | Appellee's App. at 29-39.)

17 |

18 |                     **IV.  CONCLUSION**

19 |      For the foregoing reasons, the Court dismisses the

20 | Appeal for lack of jurisdiction.

21 |

22 | Dated:   <u>October 21, 2008</u>       _____

23 |                              VIRGINIA A. PHILLIPS
                                 United States District Judge

24 |

25 |

26 |

27 |

28 |